2002 OK CIV APP 1

Robbie STEVENS d/b/a Grandpa's Place, Plaintiff/Appellant,

v.

BANKAMERICA HOUSING SERVICES, Defendant/Appellee.

No. 95,087.

Court of Civil Appeals of Oklahoma, Division No. 2.

Decided Aug. 28, 2001.

Rehearing Denied Oct. 2, 2001.

Certiorari Denied Dec. 10, 2001.

**922**

W. Dan Nelson, Edmond, OK, For Appellant.

James M. Hinds, The Hinds Law Firm, Tulsa, OK, For Appellee.

Opinion by JOHN F. REIF, Vice Chief Judge.

¶ 1 This appeal concerns a dispute between the owner of a mobile home park and a secured creditor. Their dispute is over the disposition of a mobile home that was "abandoned" at the mobile home park.

¶ 2 The owner of the mobile home park contended that she had a storage lien pursuant to 42 O.S.Supp.2000 § 91 for unpaid lot rent. The owner of the mobile home park conducted a sale of the mobile home to foreclose this lien *after* giving an eleven-day notice of the sale to the secured creditor reflected on the title. This notice was passed on to the secured creditor herein who had been assigned the interest of the creditor endorsed on the title. Despite receiving the notice a few days before the sale, secured creditor did not attend the sale. Secured creditor also did not communicate any objection to the sale, or inform the owner of the mobile home park that secured creditor claimed a superior lien right or the right to remove. At the sale, the owner of the mobile home park "purchased" the mobile home for the unpaid lot rent.

¶ 3 After the foreclosure sale, secured creditor attempted to remove the mobile home, claiming the right to do so under 42 O.S.1991 § 180. Secured creditor contended that the owner of the mobile home park was required to give a "notice of abandonment" under this section (not a notice of sale) before the owner of the mobile home park could acquire any lien rights superior to secured creditor's perfected security interest. Secured creditor also contended that the owner of the mobile home park was guilty of conversion by holding a lien foreclosure sale and refusing to release the mobile home after that sale.

¶ 4 The trial court agreed with secured creditor and ordered the mobile home delivered to secured creditor. The trial court reserved the issue of damages due to conversion. The court also awarded secured creditor its attorney fees and costs.

¶ 5 Both in the trial court and here on appeal, the owner of the mobile home park has argued that (1) § 180 does not completely displace her lien rights under § 91 for unpaid lot rent, and (2) the notice of sale she gave was effective under *both* § 91 and § 180 because no particular notice of abandonment is required by § 180. Upon review of the record and applicable law, we disagree with the owner of the mobile home park concerning the effect of § 180 on § 91. However, we do agree that the notice of sale timely and sufficiently informed secured creditor of the "abandonment" of the mobile home.

¶ 6 With the enactment of § 180 in 1988 (Laws 1988, c. 266, § 1, eff. Nov. 1, 1988) and its revision in 1989 (Laws 1989, c. 366, § 1, eff. Nov. 1, 1989), a special rule was established to govern the conflicting lien claims by owners of real property for unpaid rent or storage for abandoned mobile homes, and by the secured creditor whose lien is endorsed on the title of the abandoned mobile home. Subsection A of § 180 clearly recognizes a lien in favor of landowners for unpaid rent or storage, but subsection B provides with equal clarity that such liens will be subordinate to the security interest of an endorsed secured creditor "[e]xcept as otherwise provided in this section." The exception provided in subsection D is for the

daily rental or storage charges that accrue *after* the owner of real property gives the secured creditor written notice that the mobile home has been abandoned, *and* when the secured creditor does not remove the mobile home within ten days of the mailing of the notice. The landowner can acquire a superior lien for such daily charges for up to 30 days after the ten-day notice period, provided "the owner of the real property or his agent shall have given notice that the manufactured home is abandoned or voluntarily surrendered." 42 O.S.1991 § 180 (D).

■ ¶ 7 We note that subsection D does not specify what the notice must say. Therefore, any notice is sufficient, if it adequately conveys to the secured creditor that the mobile home is "abandoned" *either* because the owners of the real property have determined the mobile home is abandoned as provided in 42 O.S.1991 § 180(E)(1), *or* because of failure to pay storage or rental charges when due as provided in section 180(E)(2).

■ ¶ 8 We believe that the notice of sale herein sufficiently informed secured creditor that there had been an "abandonment" by failure to pay storage or rental charges for the period from July 1, 1997, to March 17, 1998. While we agree that a better practice would be for a real property owner to mail a notice entitled "Notice of Abandonment" that specifically informs the secured creditor that abandonment had occurred as provided in Subsections E(1) and (2) of § 180, substantial compliance is all that is required in the absence of specific legislative directives concerning the notice. We must conclude that the "Notice of Sale" substantially complied with subsection D and the trial court erred as a matter of law in ruling the owner of the mobile home park never gave notice of abandonment under 42 O.S. 1991 § 180.

¶ 9 In addition to the nine and one-half month period in which rent or storage had not been paid as set forth in the notice of sale, the owner of the mobile home park testified in her deposition that the debtors "had been out about a month [*i.e.*, absent] when [she] filed this [lien notice] and sent the certified letters out." The owner of the mobile home park stated in her deposition that the notice and letters were done March 8, 1998. It appears that the owner of the mobile home park was mistaken on this point in that the notice of sale is dated March 6, 1998, as is the return receipt on the certified mailing to the creditor endorsed on the title. Although physical "abandonment" was not expressly communicated in the notice of sale,[1] that fact could have been discovered by simple inquiry in response to the notice of sale.

¶ 10 When secured creditor took no action to remove the mobile home within ten days from the mailing date of the notice (March 6, 1998), the owner of the mobile home park acquired a superior lien for the daily storage of the mobile home for up to thirty days thereafter. 42 O.S.1991 § 180(C) and (D). In view of the fact that the owner of the mobile home park did have a *superior* post-notice lien, the owner could rightfully retain possession until its superior post-notice lien was paid.

¶ 11 We are cognizant that the owner of the mobile home park refused to allow secured creditor to remove the mobile home based on the mistaken belief that she had acquired title through the foreclosure sale. However, secured creditor was also operating under equally mistaken beliefs that it had not received a sufficient notice of abandonment and that it was acting before any superior lien rights had arisen on the part of the owner of the mobile home park. Although unaware of the true legal basis for denying removal of the mobile home, the owner of the mobile home park nonetheless had a valid legal basis to deny removal. Accordingly, the owner of the mobile home park had a complete defense to a claim for conversion or a claim under § 180(G) for "unlawfully maintain[ing] possession."

■ ¶ 12 This case involves the enforcement of lien rights and, as such, is essentially

---

1. In addition to failure to pay, an inference that a "physical abandonment" had occurred for purposes of § 180 is found in the information in the notice that a notice had been mailed to the owner/debtors at an address that was different than the address of the mobile home park. This should have prompted inquiry, if not more diligence, on the part of secured creditor.

a case of equitable cognizance. The equities of this case dictate (1) reversal of the judgment for conversion, (2) reversal of the award of attorney fees and costs to secured creditor, (3) affirmance of the judgment of replevin with a further declaratory judgment that the owner of the mobile home park has no right, title or interest in the mobile home by virtue of the purported § 91 foreclosure sale on March 17, 1998, or the certificate of title issued by the Oklahoma Tax Commission as a result of that sale; (4) remand for further proceedings for the owner of the mobile home park "to recover the storage charges as set forth in this section," specifically, the daily charges up to 30 days from the tenth day after the mailing of the notice, along with attorney fees and costs, as provided in § 180(H); and (5) remand for secured creditor to account for any proceeds of secured creditor's sale of the mobile home to foreclose its security interest that exceeded the amounts due secured creditor under the security agreement and allowed as costs of the foreclosure sale.

¶ 13 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.

GOODMAN, P.J., and COLBERT, J., concur.